# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Celestine Cleveland,

    Plaintiff,

v.

Audit Systems, Inc.

    Defendants.

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt. Plaintiff seeks monetary relief based on Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227, and the Georgia Fair Business Practices Act ("GFPBA"), O.G.C.A. § 10-1-393 *et seq.*

## PARTIES

1. Plaintiff, Celestine Cleveland, is natural person who resides in Fulton County, Georgia.

2. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer"

0

as that term is defined by 15 U.S.C. § 1692a(3).

3. Plaintiff is the subscriber for the cellular telephone with the number 404-***-5682.

4. Defendant, Audit Systems, Inc. (hereinafter "ASI") is a corporation organized under the laws of the State of Florida and does business in Georgia.

5. Defendant ASI bills itself as having thirty-nine years of experience in assisting its clients with "collecting delinquent and charged-off accounts receivable."

6. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28

U.S.C. § 1367.

8. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, the only debts that could be owed or alleged to be owed by the Plaintiff to any individual or entity are "consumer debts" as defined by 15 U.S.C. §1692b.

10. On or before March 24, 2016, Plaintiff began receiving calls on her cellular telephone, phone number 404-***-5682, from Defendant seeking to collect a consumer debt allegedly owed by Plaintiff.

11. Over the next three weeks from the time of the first call, Plaintiff received at least seven similar calls attempting to collect a consumer debt.

12. When she answered calls from Defendant, she heard pauses and/or clicks at the beginning of the calls and before the caller began speaking.

13. Upon information and belief, Defendant used an autodialer and or other predictive dialing equipment to make its calls to Plaintiff.

14. Callers on behalf of Defendant stated during the course of one or more calls that the calls were for the purpose of debt collection.

15. Defendant was not the original creditor on the alleged debt that was the subject of the phone calls. Rather, upon information and belief, Defendant had acquired the alleged debt from the original creditor for the purpose of collection.

16. On at least two separate occasions, in response to Defendant's telephone calls, Plaintiff explained that she was ill, permanently disabled, and requested that the Defendant not call her or contact her further.

17. Plaintiff never provided consent, either to the original creditor or to Defendant to be contacted on her cell phone.

18. To the extent Plaintiff provided consent for Defendant to call her on her cell phone, Plaintiff explicitly revoked that consent.

19. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

20. Defendant's calls to Plaintiff had no emergency purpose.

21. Upon information and belief, frequent, unauthorized phone calls are Defendant's modus operandi for debt collection.

22. Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

23. Plaintiff carries her cell phone at most times to be accessible to her family, friends and health-care providers. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends. Moreover, Plaintiff experienced exacerbations of her chronic pain following her communications with the Defendant.

24. After receiving express instructions from the Plaintiff to cease calling her cell phone, Defendant continued to do so in an effort to harass, intimidate and cause emotional and financial damage to the Plaintiff in violation of 15 USC §§1692c and 1692d.

25. Defendant's agents and representatives overtly and intentionally sought to intimidate the Plaintiff stating that they were going to "get their money", that they had to have their money "today" and that partial payments were not an option.

26. Upon information and belief, Defendant failed to meaningfully identify itself in violation of 15 USC § 1692d(6).

27. Upon information and belief, Defendant did not provide Plaintiff with written verification of the debt as required by 15 U.S.C. § 1692g.

28. The Defendant's communications to the Plaintiff were deceptive in that it failed to meaningfully identify itself in violation of 15 USC § 1692e.

29. Defendant knew or should have known that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were therefore willful violations.

30. As a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff is eligible for statutory damages.

31. Defendant took its actions or omissions in furtherance of its efforts to collect a debt from Plaintiff.

32. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

33. As a result of Defendant's actions, Plaintiff is eligible for statutory damages.

34. Also as a result of Defendant's actions, Plaintiff suffered actual damages, including the consumption of "minutes" as proscribed in her cellular service plan that has the end result of the Plaintiff paying for the calls initiated by the Defendant. Moreover, the Plaintiff experienced and emotional distress including frustration and anxiety, and exacerbations of the chronic pain that has rendered her permanently disabled as a result of the calls and conduct of Defendant.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

36. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

37. Defendant made repeated, unauthorized calls to Plaintiff's cell phone, amounting to harassment, in violation of 15 U.S.C. § 1692d and unfair collection practice, in violation of 15 U.S.C. § 1692f.

38. Defendant has engaged in intentional intimidation of the Plaintiff with knowledge that her health is precarious.

39. Defendant's actions were in an effort to collect a debt.

40. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages in the form of emotional distress and aggravation of her physical impairments and pain. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

41. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227(b)(1)(A)(iii)

42. Plaintiff incorporates paragraphs 1 through 34 as though fully stated herein.

43. Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer and or predictive dialing equipment.

44. As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT III

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.G.C.A. § 10-1-393(a)

46. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

47. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the notification and demand provisions of O.C.G.A. § 10-1-399 (b).

48. Defendant violated 15 U.S.C. § 1692, as set forth above, deemed a violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

49. The GFPBA directs liberal interpretation and application, as well as in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

50. Upon information and belief, Defendant regularly uses repeated, unauthorized phone calls in its debt collection efforts.

51. Defendant does not maintain a place of business in Georgia and has no assets in Georgia.

52. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.G.C.A. § 10-1-399(a).

53. Defendant's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

54. Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

**WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:**

  a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

  b.) General and/or damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c);

  c.) Plaintiff's actual damages;

  d.) Statutory damages against pursuant to 15 U.S.C. § 1692k;

  e.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k O.G.C.A. § 10-1-399(d); and

  f.) Such other and further relief as may be just and proper.

Respectfully submitted this 11th day of May, 2016.

        */s/ Matthew T. Berry*
        Plaintiff's Attorney
        Matthew T. Berry, Bar No.: 055663
        Berry & Associates
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3334
        Fax (404) 235-3333
        matt@mattberry.com

        */s/ Paul J. Sieg*
        Plaintiff's Attorney
        Paul J. Sieg, Bar No.: 334182
        Berry & Associates
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3305
        Fax (404) 235-3333
        psieg@mattberry.com